884 F.2d 1390
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ahmet KIZGIN, Defendant-Appellant.
 No. 87-6598.
 United States Court of Appeals, Fourth Circuit.
 Argued March 10, 1989.
Decided Aug. 7, 1989.
Rehearing and Rehearing In Banc Denied Aug. 31, 1989.
 
 John Nicholas Iannuzzi (Iannuzzi & Iannuzzi on brief) for Appellant.
 Charles Preston Scheeler, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney on brief) for appellee.
 Before MURNAGHAN and SPROUSE, Circuit Judges, and ROBERT J. STAKER, United States District Judge for the Southern District of West Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Ahmet Kizgin appeals from the judgment of the district court convicting him of three counts of conspiracy on three guilty pleas Kizgin had entered after plea agreements on three separate indictments. After he was sentenced to three consecutive sentences of eight years each, Kizgin filed a motion under rule 35(a) of the Federal Rules of Criminal Procedure to modify his sentences, contending that the three indictments alleged only a single continuing conspiracy instead of three separate conspiracies and that the sentences therefore violated the double jeopardy clause of the United States Constitution. The district court denied the motion, and Kizgin appeals. We affirm.
 
 
 2
 The grand jury returned the three indictments in question after the government presented the results of a long and involved investigation. The investigation uncovered an international intrigue in which Kizgin and a number of Turkish and American nationals conspired to import heroin using seamen on Turkish vessels and to sell it in the United States. As part of the conspiracies, Kizgin made several trips between Turkey and the United States and was involved in exchanges of money between individuals in Turkey and the United States and between individuals within the United States. In addition, the evidence showed separate shipments of heroin entering the United States through the ports of Houston, Richmond, and Baltimore and being distributed in Baltimore. Fourteen coconspirators were named in the first indictment; five in the second; and eight in the third. In addition to the activities in, and the importations from, Turkey, the indictments alleged activities in Texas, Maryland, Florida, and Pennsylvania, as well as in foreign countries other than Turkey.
 
 
 3
 Kizgin, both in his brief and at oral argument, stressed our previous decisions delineating the factors that distinguish a single conspiracy from factual circumstances involving overlapping parties and activities which could comprise multiple conspiracies. We are persuaded that each of the indictments allege a separate and distinct conspiracy under the multiple conspiracy analyses of this circuit. United States v. Ragins, 840 F.2d 1184, 1187-89 (4th Cir.1988); United States v. MacDougall, 790 F.2d 1135, 1143-48 (4th Cir.1986).
 
 
 4
 We need not delve into the maze of factual circumstances necessary to that decision, however, since the recent decision in United States v. Broce, 488 U.S. ----, 102 L.Ed.2d 927 (1989) governs this appeal. In Broce, the United States Supreme Court held that a defendant pleading guilty to multiple conspiracies cannot, subject to very limited exceptions, later collaterally attack the sentences as violative of the double jeopardy clause. The defendants in that case had pled guilty in the district court to two indictments of highway construction bid rigging. They later filed rule 35(a) motions to vacate their sentences arguing that, while the indictments alleged two separate conspiracies, the facts recited in the indictment comprised only a single conspiracy. The Supreme Court held that a defendant's "plea of guilty and the ensuing conviction comprehended all of the factual and legal elements to sustain the binding, final judgment of guilt of a lawful sentence." Id. at ----, 102 L.Ed.2d at 935. The Court emphasized that by pleading guilty an accused not only admitted to committing the discrete acts described in the indictment but admitted guilt of the substantive crimes. Id. at ----, 102 L.Ed.2d at 936. The Court concluded that the defendants' valid guilty plea to separate substantive crimes foreclosed their opportunity to challenge the theory of the indictments on double jeopardy grounds. Id. at ----, 102 L.Ed.2d at 937.
 
 
 5
 The rule announced in Broce forecloses Kizgin's double jeopardy argument.
 
 
 6
 In view of the above, the judgment of the district court is affirmed.
 
 
 7
 AFFIRMED.